Oscar Stilley Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification of a popular name and ballot title, pursuant to A.C.A. § 7-9-107 (Repl. 1993), for a proposed constitutional amendment. You previously made a similar submission which resulted in Attorney General Opinion 99-200, wherein I declined to certify the proposed popular name and ballot title due to ambiguity in the text of your measure. You have changed the text of your proposed amendment, and have submitted for my approval the following popular name and ballot title:
 POPULAR NAME AN AMENDMENT TO ABOLISH THE ARKANSAS STATE TAX UPON PERSONAL AND CORPORATE INCOMES, OR, ALTERNATIVELY, TO AUTHORIZE THE PHASE OUT OF THE ARKANSAS INCOME TAX GRADUALLY, ON CONDITION THAT THE STATE FULLY PROTECT THE DUE PROCESS RIGHTS OF THE PAYERS OF CERTAIN TAXES, AND FOR OTHER PURPOSES.
 BALLOT TITLE AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO ABOLISH THE STATE TAX ON PERSONAL AND CORPORATE INCOMES; TO AUTHORIZE THE ARKANSAS GENERAL ASSEMBLY TO PHASE OUT THE TAXES ON PERSONAL AND CORPORATE INCOME ON CONDITION THAT THE GENERAL ASSEMBLY PROTECT ALL ARKANSAS CITIZENS AND LAWFUL RESIDENTS FROM THE COLLECTION OF ANY DIRECT TAX BY LIEN, LEVY, OR OTHER DISTRAINT UPON THE WAGES, BANK ACCOUNTS, OR OTHER PROPERTY OF THE TAXPAYER, BY ANY GOVERNMENTAL AGENCY WHATEVER, WITHOUT THE CONSENT OF THE TAXPAYER OR AN ORDER OF A DULY CONSTITUTED COURT OF COMPETENT JURISDICTION, TAKEN AND ENTERED AFTER THE TAXPAYER HAS BEEN GIVEN NOTICE AND OPPORTUNITY TO DEFEND, WITH THE RIGHT TO JURY TRIAL AND ALL OTHER US CONSTITUTIONAL GUARANTEES, 1) BY ENFORCED DIRECT LEGISLATION PROHIBITION, OR, 2) BY REPAYING THE CITIZEN THE MONEY TAKEN, OR THE REASONABLE VALUE OF THE PROPERTY TAKEN, WITHIN 30 DAYS OF NOTIFICATION OF AN OFFICER LEGISLATIVELY DESIGNATED FOR THAT PURPOSE, OR, 3) BY PAYMENT OF THREE TIMES THE WHOLE AMOUNT OF TAX SET FORTH IN THE PERTINENT LIEN, LEVY OR OTHER SUMMARY COLLECTION DOCUMENT, PRIOR TO ASSESSING OR COLLECTING ANY STATE INCOME TAX FOR THE YEAR IN WHICH THE LIEN OR LEVY WAS FILED OR EXECUTED; TO PROVIDE THAT LIABILITY FOR DAMAGES TO BE PAID BY THE STATE PURSUANT TO THIS AMENDMENT OR IMPLEMENTING LEGISLATION SHALL BE DEEMED A PENALTY FOR CAUSING OR FAILING TO PREVENT THE VIOLATION OF PROCEDURAL DUE PROCESS, AND SHALL NOT BE AFFECTED BY ANY LATER ADJUDICATION OF THE UNDERLYING TAX LIABILITY; PROVIDING THAT THE TERM "DIRECT TAXES" FOR PURPOSES OF THIS AMENDMENT MEANS TAXES UPON THE EARNING, PAYMENT, OR RECEIPT OF WAGES, SALARY, OR OTHER INCOME, AND TAXES UPON ESTATES, INHERITANCES, AND GIFTS; PROVIDING THAT IF THE STATE OF ARKANSAS FULLY OBEYS AND ENFORCES THE PROCEDURAL DUE PROCESS PROVISIONS SET FORTH IN THIS AMENDMENT, AND IN ANY IMPLEMENTING LEGISLATION, WHICH MUST BE MADE EFFECTIVE NO LATER THAN JULY 1, 2001, THE STATE MAY FOR THE TAXABLE YEAR 2001, AND ALL SUBSEQUENT YEARS, COLLECT INCOME TAXES IN AN AMOUNT NO GREATER THAN THAT WHICH, TOGETHER WITH STATE SALES AND USE TAX REVENUES, IS NECESSARY TO GENERATE NET REVENUE EQUAL TO THE NET REVENUE FROM INCOME TAXES AND STATE SALES AND USE TAXES FOR THE PREVIOUS YEAR, AS NEAR AS PRACTICABLE; PROVIDING THAT IN CASE OF PHASE OUT OF THE INCOME TAX, THOSE TAXPAYERS WITH THE LOWEST INCOMES, WHETHER CORPORATE OR PERSONAL, SHALL BE FIRST EXCUSED FROM THE PAYMENT OF INCOME TAXES; PROVIDING THAT IN CASE OF PHASE OUT OF THE INCOME TAX, THAT AFTER THE LAST YEAR IN WHICH INCOME TAX IS NECESSARY TO SUPPLY THE STATE WITH NET REVENUE EQUAL TO THE NET REVENUE FROM INCOME TAXES AND STATE SALES AND USE TAXES FOR THE PREVIOUS YEAR, THE INCOME TAX SHALL BE FOREVER PROHIBITED UNLESS AND UNTIL REAUTHORIZED BY CONSTITUTIONAL AMENDMENT; [IT IS ESTIMATED THAT IF THE STATE OF ARKANSAS ELECTS TO PHASE OUT THE INCOME TAX, IT WOULD TAKE APPROXIMATELY 7 TO 15 YEARS TO COMPLETE THE PHASE OUT, BASED UPON HISTORICAL TRENDS IN TAX REVENUES IN ARKANSAS, BUT COULD TAKE MORE OR LESS TIME DEPENDING UPON ECONOMIC CONDITIONS;] PROVIDING THAT THE TERM "STATE SALES AND USE TAX" SHALL NOT INCLUDE SALES AND USE TAX EARMARKED EXCLUSIVELY FOR COUNTY AND MUNICIPAL GOVERNMENTS; PROVIDING THAT IF ANY PARTICULAR CLASS OF GOODS OR SERVICES IS EXEMPTED FROM SALES AND USE TAX, AFTER THE DATE OF THIS AMENDMENT, WHETHER BY THE GENERAL ASSEMBLY OR BY THE INITIATIVE PROCESS, THE PHASE OUT OF THE INCOME TAX SHALL BE CALCULATED AND IMPLEMENTED AS IF SUCH SALES AND USE TAX EXEMPTION HAD NOT BEEN GRANTED; PROVIDING THAT IF THE RATE OF THE STATE SALES AND USE TAX RATE IS REDUCED, THE PHASE-OUT OF THE INCOME TAX SHALL BE CALCULATED AND IMPLEMENTED AS IF THE RATE OF THE STATE SALES AND USE TAX HAD NOT BEEN REDUCED; PROVIDING THAT IF THE STATE SALES AND USE TAX RATE IS INCREASED, THE PHASE OUT SHALL BE CALCULATED INCLUDING THE ADDITIONAL REVENUE AS STATE SALES AND USE TAX REVENUES, UNLESS OTHERWISE SPECIFICALLY AUTHORIZED BY APPROVAL OF A MAJORITY OF THE QUALIFIED ELECTORS VOTING ON THE ISSUE AT A REGULARLY SCHEDULED STATEWIDE ELECTION; PROVIDING THAT THE COLLECTION OF INCOME TAX WHILE FAILING TO COMPLY WITH THE PHASE-OUT REQUIREMENTS SET FORTH IN THIS AMENDMENT, OR ITS IMPLEMENTING LEGISLATION, SHALL CONSTITUTE AN ILLEGAL EXACTION; PROVIDING THAT NOTHING HEREIN SHALL BE CONSTRUED TO AUTHORIZE THE INCREASE OF ANY OF THE RATES OF THE ARKANSAS STATE INCOME TAX, ON PERSONAL OR CORPORATE INCOMES, ABOVE THOSE EXISTING ON THE EFFECTIVE DATE OF THIS AMENDMENT, REGARDLESS OF THE AMOUNT OF ACTUAL OR PROJECTED TAX COLLECTIONS IN ANY GIVEN YEAR; PROVIDING THAT NOTHING HEREIN SHALL BE CONSTRUED TO LIMIT THE AMOUNT OF SALES AND USE TAX WHICH MAY BE COLLECTED BY THE STATE OF ARKANSAS IN ANY GIVEN YEAR; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT IS SELF-EXECUTING AND SHALL TAKE EFFECT JANUARY 1, 2001, EXCEPT AS OTHERWISE PROVIDED; PROVIDING THAT THE GENERAL ASSEMBLY IS AUTHORIZED TO ENACT LEGISLATION DEEMED PROPER FOR THE ORDERLY IMPLEMENTATION OF THE PROVISIONS OF THIS AMENDMENT; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Based upon the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to the unresolved ambiguity surrounding the income tax "phase out" alternative in your proposed measure. I previously noted this ambiguity in Attorney General Opinion 99-200. You have resubmitted your proposal, including a new ballot title and popular name. There is, however, no substantive change in either the text of the measure or the ballot title with regard to the phase out alternative. The editorial language which was added to the ballot title regarding the estimated "7 to 15 years to complete the phase out" cannot, in my view, be retained due to the absence of any support for this statement in the text of the measure.
This failure to more fully explain the phase out mechanism prevents me from approving your ballot title, or substituting a title. While I understand that the "phase out" is premised, basically, upon growth in the state economy, I believe some further explanation is necessary so that the voter will have a complete understanding of this alternative to the proposed immediate abolition of the state income tax. I cannot, however, interject my own explanatory language. As stated in Opinion99-200, my uncertainty as to the precise operation of the phase out prevents me from interjecting my own interpretation of this aspect of your proposed amendment into the ballot title.
My statutory duty, under these circumstances, is to reject your submission, stating my reasons therefor, and instruct you to redesign the proposed measure, and ballot title and popular name. A.C.A. § 7-9-107(c). You may, after clarification of this matter, resubmit your proposed amendment, along with a new proposed popular name and ballot title, at your convenience. I will then be pleased to perform my statutory duties in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General